UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SHANNON AKERS, et al.,                    :
                Plaintiffs,           :        No. 5:15-cv-2512
    v.                                     :
                                       :
ROBERT J. AKERS,                           :
                Defendant.           :
_____

**MEMORANDUM**

Plaintiff's Motion to Freeze Assets, ECF No. 2- Denied

**Joseph F. Leeson, Jr.**                                                                                             July 31, 2015
**United States District Judge**

**I.        Introduction – Factual Background**

On May 5, 2015, Plaintiff Shannon Akers, individually and on behalf of her minor children D.A., V.K., and E.U., filed a complaint against Defendant raising the state law torts of Assault, Battery, Intentional Infliction of Emotional Distress, and False Imprisonment.  Compl., ECF No. 1.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Pennsylvania while Defendant is a citizen of Michigan.  Plaintiff alleges that she and Defendant married in 2010 and they resided in Pennsylvania until 2011, at which time they moved to Michigan.  Compl. ¶¶ 8-9.  Plaintiff returned to Pennsylvania with her children two times during that period and then returned permanently in January 2013.  Compl. ¶¶ 10-11.  Plaintiff and Defendant had one child together, D.A.  Compl. ¶ 12.

Plaintiff alleges that on several occasions she woke up to Defendant having sex with her or masturbating on her.  Compl. ¶ 15.  She alleges that Defendant physically restrained her

1

and/or struck her multiple times.  Compl. ¶ 16.  The Complaint alleges that on two occasions, Defendant sexually assaulted Plaintiff's daughter V.A.  Compl. ¶ 18.  Plaintiff alleges that Defendant repeatedly locked her son E.U. in his bedroom while Defendant went to work.  Compl. ¶ 26.  The Complaint further avers that Defendant's daughter, who was not allowed to be around other children, molested V.A. and E.U.  Compl. ¶¶ 27-28.  Plaintiffs seek "compensatory damages, punitive damages, interest, costs, and attorney fees."  Compl.

On January 12, 2015, Defendant pled guilty in Michigan state court to Criminal Sexual Conduct of a person under 13 years of age in violation of the Michigan Penal Code 750.520c.  See http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=952141 (last accessed July 30, 2015).[1]  Defendant was sentenced to 3-15 years for this offense and is currently incarcerated in the Michigan Department of Corrections.  See id.

Defendant filed an Answer to the Complaint admitting only those allegations as set forth in his guilty plea.  Answer, ECF No. 4.

Presently pending is Plaintiffs' Motion to Freeze Assets, filed May 18, 2015.  Mot., ECF No. 2.  The Motion asserts that Defendant is due to receive proceeds from a Medical Malpractice/Wrongful Death law suit regarding the death of his former spouse Julie Christian in the amount of $600,000.  Mot. ¶¶ 3-4.  Plaintiff states that she filed for divorce in January 2015, and believes that Defendant may dissipate or transfer the funds in an effort to thwart Plaintiff.  Mot. ¶ 5. Plaintiff requests that the Court order an accounting of all funds and freeze any and all of Defendant's accounts and/or funds.  Mot. ¶¶ 8-9.  Defendant filed a response in opposition to

---

[1] Defendant also pled guilty to Delivery of a Controlled Substance to a Minor in violation of 333.7410.

the Motion on June 26, 2015.  ECF No. 8.  In a letter dated July 28, 2015, Plaintiff requested an expedited hearing on its Motion to Freeze Assets.[2]

## II.     Standard of Review

"Rule 65 governs the issuance of a preliminary injunction."  Checker Cab Phila., Inc. v. Uber Techs., Inc., 2015 U.S. Dist. LEXIS 26471, *5 (E.D. Pa. Mar. 3, 2015).  "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004); Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994).  "In order to prove irreparable harm, the moving party must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial."  Bioquell, Inc. v. Feinstein, No. 10-2205, 2011 U.S. Dist. LEXIS 16081, at *15 (E.D. Pa. Feb. 14, 2011) (internal quotations omitted).  "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate."  P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).  "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'"  Kos Pharms., Inc., 369 F.3d at 708 (quoting American Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)).

"A federal court has no authority generally to freeze a defendant's funds to help ensure satisfaction of a judgment should the plaintiff prevail on an underlying legal claim."  F.T. Int'l,

---

[2] "The applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction."  Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175 (3d Cir. 1990) (citing FED. R. CIV. P. 65(a)); Checker Cab Phila., Inc. v. Uber Techs., Inc., 2015 U.S. Dist. LEXIS 26471, *5-6 (E.D. Pa. Mar. 3, 2015) (finding that "a hearing is not necessary to address [the preliminary injunction] motion").

Ltd. v. Mason, No. 00-5004, 2000 U.S. Dist. LEXIS 14601, at *3 (E.D. Pa. Oct. 5, 2000) (citing Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308 (1999)). "A court also has no authority in any event to freeze assets in an amount which exceeds that recoverable in the underlying action." F.T. Int'l, Ltd., 2000 U.S. Dist. LEXIS 14601 at *3 (citing Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 198-99 (3d Cir. 1990)). "Aside from the traditional showing necessary to obtain preliminary injunctive relief, a plaintiff may obtain a prejudgment freeze on a defendant's assets only if he has asserted a cognizable equitable claim, has demonstrated a sufficient nexus between that claim and specific assets of the defendant which are the target of the injunctive relief, and has shown that the requested interim relief is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed." F.T. Int'l, Ltd., 2000 U.S. Dist. LEXIS 14601 at *3-4.

**III.    Analysis**

The instant Complaint does not assert an equitable claim; rather, it pleads state law tort claims.[3] See Bracey v. Pa. Dep't of Corr., 571 Fed. Appx. 75, 77 (3d Cir. 2014) (discussing the plaintiff's "state law tort claims for assault and battery"); Cox v. Keystone Carbon Co., 861 F.2d 390, 394 (3d Cir. 1988) (finding that the "claim for intentional infliction of emotional distress is a state tort claim"); Wilson v. Pennsylvania, No. 13-1529, 2015 U.S. Dist. LEXIS 31113, at *21 (W.D. Pa. Mar. 13, 2015) (identifying the "state common law tort claims [of] false imprisonment, assault and battery, and infliction of emotional distress"). The Complaint does not request any form of equitable relief. See Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993) ("Money damages are, of course, the classic form of legal relief."). Further, there is no nexus between the tort claims arising from the alleged sexual and physical abuse of Plaintiff and

---

[3] To the extent Plaintiff asserts that she has a financial interest in the anticipated $600,000 award as a marital asset, this Court lacks jurisdiction over the parties' divorce proceedings.

4

her children, and the proceeds of a medical malpractice lawsuit regarding Defendant's former spouse.  Accordingly, Plaintiff's Motion to Freeze Assets is denied.  See Victor v. SCI-Smithfield, No. 3:08-cv-1374, 2011 U.S. Dist. LEXIS 137359, at *17-18 (M.D. Pa. Nov. 30, 2011) ("[T]o the extent Plaintiff seeks a preliminary injunction to identify and freeze assets that Defendants may eventually need to satisfy any monetary award issued against them, the motion is speculative and premature."  (citing Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 333 (1999) ("[W]e hold that the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages." )).

BY THE COURT:


/s/ Joseph F. Leeson, Jr._____
JOSEPH F. LEESON, JR.
United States District Judge

5